UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CR-11(01)RM |
| | ) | |
| JEREMY SCOTT CRAFT | ) | |

OPINION AND ORDER

On February 9, 2006, a grand jury indicted Jeremy Scott Craft on seven counts of arson (Counts 1, 3, 4, 5, 7, 8, and 10), two counts of using fire to commit a federal felony, specifically intimidation of persons (Counts 2 and 9), and one count of carrying and using a destructive device during and in relation to a crime of violence, specifically arson (Count 6).[1] On June 5, the government began the presentation of its case against Mr. Craft, which included three and a half days of testimonial and documentary evidence. At the conclusion of the government's case-in-chief, Mr. Craft orally moved for a judgment of acquittal on counts all counts, pursuant to FED. R. CRIM. P. 29.

Mr. Craft argued that the several of the buildings he had been charged with using fire to damage were not used in interstate commerce.  The court denied Mr. Craft's oral motion with respect to Counts 1, 3, 4, 5, 7, and 8, because when viewed in light most favorable to the government, the testimonial and documentary evidence presented by the government was sufficient for a

---

[1] Count 6 was dismissed on the government's pre-trial motion.

reasonable juror to conclude the buildings he had been charged with using fire to damage were used in an activity affecting interstate commerce. *See* Jones v. U.S., 529 U.S. 848, 854-855 (2000) (explaining that for an activity to affect interstate commerce, there must be an active employment for commercial purposes); *see, e.g.,* U.S. v. Davis, 872 F. Supp. 1475, 1483 (E.D. Va. 1995) (arson of any Section 8 housing is within the scope of § 844(I) ); *see also* United States v. Beck, 615 F.2d 441, 448 (7th Cir. 1980)(explaining the standard applied by a district court when determining a motion for judgment of acquittal). The court granted Mr. Craft's motion with respect to Count 10.

  Mr. Craft also argued, with regard to Counts 2 and 9, there was insufficient evidence of his intent to intimidate or interfere with the victims because of their race, color, or nation origin; or that the victims were exercising their housing rights as defined by the statute. The court denied Mr. Crafts motion as to Counts 2 and 9 based on the reasons stated in open court, specifically that when viewed in light most favorable to the government, the documentary and testimonial evidence presented by the government was sufficient for a reasonable juror to conclude that Mr. Craft intended to intimidate the residents because of their race, color, and national origin, and that the victims were exercising their housing rights as defined by the statute.

  On June 13, the jury returned a verdict of guilty on Counts 1, 2, 3, 4, 5, 7, 8, 9 of the indictment. On June 21, Mr. Craft filed a renewed motion for judgment of acquittal as to Counts 2, 4, 5, 7, and 9.

The substance of the renewed motion for judgment of acquittal reflects the arguments Mr. Craft's counsel made during the original oral motion at trial. As stated in open court, when viewed in light most favorable to the government, there is sufficient evidence from which a rational juror could reasonably find the buildings which were the subject of his arson were also used in an activity affecting interstate commerce.

Mr. Craft again argues there is insufficient evidence that he acted with the intent to intimidate or interfere with the victim's housing rights. The court cannot agree. Count 2 alleges that Mr. Craft used fire at 242 E. Indiana, South Bend, Indiana. The owner of this residence, Lucio Ortiz, testified that he was finishing construction on the home for his family, who are of Mexican descent. John King also lived in the 200 block of Indiana, and he testified that when he confronted Mr. Craft about why he continued to set fires in the neighborhood, Mr. Craft "mumbled something under his breadth about neighborhood being full of wetbacks and niggers anyway." When viewed in light most favorable to the government, the testimony presented by the government was sufficient for a reasonable juror to conclude Mr. Craft acted intentionally to intimidate or interfere with Mr. Ortiz's housing rights because of race, color, and national origin, and because Mr. Ortiz had been occupying the dwelling. *See, e.g.,* U.S. v. J.H.H., 22 F.3d 821, 826-827 (8th Cir. 1994) (evidence of cross burnings at night, along with racial slurs contemporaneous with the burnings, and complaints regarding

3

African American moving into the neighborhood was sufficient evidence of intent to intimidate).

Mr. Craft again says the fact that Mr. Ortiz's family hadn't moved into the residence means they didn't occupy the residence within the meaning of 42 U.S.C. § 3631. The court is not persuaded by this argument in light of the statute's purpose of protecting one's right to occupy a home regardless of race or national origin. *Cf* United States v. Anzalone, 555 F.2d 317, 318 (2d Cir. 1977) (§ 3631 reaches acts of arson designed to intimidate African Americans from moving into a neighborhood; conviction reversed on other grounds); *see also* U.S. v. White, 788 F.2d 390, 393 (6th Cir. 1986) (sufficient evidence to sustain a conviction for violation housing rights under § 3631 based on evidence of the burning of an African American family's home that was under construction). The court agrees with the government that there are several ways to occupy a residence, and owning a home under construction with the intent of moving in, falls within province of occupation consistent with the statute's purposes of protecting an individual's right to occupy a home.

Count 3 alleges defendant used fire at 311 E. Indiana, South Bend, Indiana. The owner the residence, Frank Kuhlman, testified that he had rented the residence to a gentleman named Sam for a little over a year. He also testified that Sam, who is African American, had vacated the premises the day of the fire. John Wolverton, whose mother had rented a room to Mr. Craft, testified that Mr. Craft knew Sam lived at 311 E. Indiana and that on the night the residence caught fire,

4

Mr. Craft had stated "fuck Sam, Sam's a nigger." This testimony, combined with Mr. Craft's statement to Mr. King regarding the number of African Americans in the neighborhood, when viewed in light most favorable to the government, was sufficient for a reasonable juror to conclude Mr. Craft acted intentionally to intimidate or interfere with Sam's housing rights because of his race or color, and because Sam had been occupying or renting the dwelling. *See, e.g.,* U.S. v. J.H.H., 22 F.3d at 826-827.

Consequently, the court DENIES Mr. Crafts renewed motion for acquittal. [Doc. No. 45].

SO ORDERED.

Entered:  August 28, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: counsel of record