UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEREMY SCOTT CRAFT, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-331 RM |
| | ) | (Arising out of 3:06-CR-11(01) RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

On June 13, 2006, following four days of trial, a jury convicted Jeremy Craft of six counts of arson and two counts of using fire to intimidate; two additional arson counts were dismissed, one on the government's motion prior to trial and the other at the close of the evidence pursuant to the defendant's motion under Federal Rule of Criminal Procedure 29. Mr. Craft's post-trial motion for acquittal was denied, *see* Opinion and Ord., dated Aug. 28, 2006 [docket # 46], and he was sentenced on August 29, 2006 to a total term of 570 months' imprisonment, to be followed by a three-year term of supervised release.

The court of appeals reversed Mr. Craft's conviction on one of the arson counts and remanded the case for resentencing. United States v. Craft, 484 F.3d 922 (7th Cir. 2007). Mr. Craft was resentenced on August 1, 2007 to a total term of 570 months' imprisonment, to be followed by a three-year term of supervised release. The United States Supreme denied certiorari on October 1, 2007. United States v. Craft, 484 U.S. 922 (2007).

On July 16, 2008, Mr. Craft filed a timely petition under 28 U.S.C. § 2255 seeking to have his sentence vacated, set aside, or corrected based on his claims that his speedy trial rights were violated, there was insufficient evidence to support his conviction, and his trial counsel provided ineffective assistance; he also challenges expert witness testimony at trial. The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A hearing is not required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. As discussed below, Mr. Craft has alleged no facts that would entitle him to relief, so no hearing is necessary to determine his § 2255 petition, Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000), and his petition must be denied.

I. LEGAL STANDARD

A person convicted of a federal crime may attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is

2

otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petition under § 2255 will not be allowed to substitute for an appeal or to advance arguments that could have been made earlier. *See* Reed v. Farley, 512 U.S. 339, 354 (1994) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal." (*quoting* Sunal v. Large, 332 U.S. 174, 178 (1947))); Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997) ("It is hornbook law that § 2255 cannot be used as a belated appeal."). A petitioner cannot bring constitutional claims he could have raised on direct appeal without showing good cause for and actual prejudice resulting from his failure to raise the claims on direct appeal. Reed v. Farley, 512 U.S. at 354. "[N]on-constitutional errors which could have been raised on appeal but were not, are barred on collateral review – regardless of cause and prejudice." Arango-Alvarez v. United States, 134 F.3d 888, 891 (7th Cir. 1998) (*quoting* Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir. 1988)). A claim of ineffective assistance of counsel not raised on direct appeal may still be raised in a proceeding under § 2255. Massaro v. United States, 538 U.S. 500, 509 (2003); Richardson v. United States, 379 F.3d 485, 487 (7th Cir. 2004).

## II. CLAIMS RELATING TO SPEEDY TRIAL VIOLATION, EXPERT WITNESSES, AND INSUFFICIENT EVIDENCE

Mr. Craft has alleged, first, a speedy trial violation when, according to Mr. Craft, on February 28, 2006, Assistant United States Attorney Donald Schmid

3

"said that he wanted to go on vacation;" next, Mr. Craft says witnesses made certain statements and other witnesses "are wanting to use [his] case for consideration of sentence reductions on their charges"; and, lastly, Mr. Craft complains, with respect to his claim of "no evidence/insufficient evidence," that during a January 2006 interview, ATF Agent Allbritten "asked me what happened to my winter jacket (it was damaged by a clothes dryer) I had an old pick up truck that I was in the process of fixing up and it leaked gasoline and oil." Because these issues weren't raised on appeal, Mr. Craft can't raise them on collateral appeal unless he shows good cause for not raising the issues on direct appeal and actual prejudice from the failure to raise the claims. Mankarious v. United States, 282 F.3d 940, 943 (7th Cir. 2002). He has shown neither.

A § 2255 petition will not be allowed to do service for an appeal or be used to advance arguments that could have been made earlier. Reed v. Farley, 512 U.S. 339 (1994); Bontkowski v. United States, 850 F.2d 306, 312-313 (7th Cir. 1988). Mr. Craft lost his opportunity to raise these claims and may not do so in his § 2255 petition.

Even if the court were to consider his claims, Mr. Craft couldn't prevail. Mr. Craft bears the burden of making "*some* threshold showing . . . of an evidentiary basis" for the relief sought, Kafo v. United States, 467 F.3d 1063, 1069 (7th Cir. 2006), but he hasn't done so. Mr. Craft hasn't presented evidence to establish that

his speedy trial rights were violated,[1] that expert testimony was suspect,[2] or that there was insufficient evidence to support his conviction.[3] Because Mr. Craft's claims have no merit, he isn't entitled to the relief he seeks.

### III.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To succeed on his ineffective assistance of counsel claim, Mr. Craft must show, first, that counsel's performance was deficient – "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" – and second, that counsel's deficient

---

[1] Mr. Craft complains in his petition that the "prosecutor said he wanted to go on vacation," but the evidence relied on by Mr. Craft – the government's February 23, 2006 Motion to Change Trial Date – demonstrates that Mr. Craft's original April 3 trial date was continued at the request of AUSA Donald Schmid based on Mr. Schmid's representation that he was scheduled to begin a two-week trial on April 18 before another judge of this court. At the February 28, 2006 hearing on the government's motion, the court continued the trial based on an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(8). Nothing in the government's motion or the related docket entries submitted by Mr. Craft supports a finding that Mr. Craft's speedy trial rights were violated.

[2] Mr. Craft sets forth notes of agent interviews with John Wolverton, David Pulsifer, John King, Tremaine Grant, David Chipps, Steve Harvey, but Mr. Craft offers no argument or evidence that would support for a finding that any witness statements or testimony somehow affected the jury's verdict.

[3] Mr. Craft supports his claim of "no evidence/insufficient evidence" with (i) the notes of his interview with ATF Special Agent David Allbritten and Task Force Agent Lucas Battani, (ii) three unidentified photographs, (iii) a report of South Bend Police Officer Christopher Bortone, and (iv) a Justice Department Laboratory Report, but Mr. Craft offers nothing more. He hasn't argued or provided any support for a finding that there was insufficient evidence to support his conviction. *See* United States v. Stevens, 453 F.3d 963, 965 (7th Cir. 2006) ("Mounting a challenge to the sufficiency of the evidence is so difficult because to be successful, the defendant must show that "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."); *see also* United States v. Craft, 484 F.3d 922, 925 (7th Cir. 2007) (rejecting Mr. Craft's challenge to the sufficiency of the evidence relating to Counts 2, 4, 7, and 9).

performance prejudiced his defense – "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). "[T]here is a strong presumption that his attorney performed effectively." Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). "Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. at 694). "In weighing the effect of counsel's errors, the court must consider the totality of the evidence . . . . A verdict or conclusion that is overwhelmingly supported by the record is less likely to have been affected by errors than one that is only weakly supported by the record." Eckstein v. Kingston, 460 F.3d at 848 (*quoting* Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)).

Mr. Craft's claim of ineffective assistance of trial counsel is premised on his inquiry: "Why wasn't John Sigler brought to my trial, why wasn't Sam and Sakota Triplett brought to my trial." Petn., at 6. "Where a petitioner claims his trial counsel failed to call a witness, he must make a specific, affirmative showing as to what the missing evidence would have been and prove that this witness's

6

testimony would have produced a different result." Patel v. United States, 19 F.3d 1231, 1237 (7th Cir. 1994).

In support of his claim, Mr. Craft sets forth notes of John Sigler's interview with Task Force Agents and a transcript of the trial testimony of Frank Kuhlman, but nothing more. Mr. Craft hasn't explained how those exhibits are relevant; he hasn't produced any evidence relating to proposed testimony by John Sigler, Sam Triplett, or Sakota Triplett; he hasn't argued that those witnesses would have offered testimony favorable to him; he hasn't provided affidavits or other direct statements from John Sigler, Sam Triplett, or Sakota Triplett about what their testimony would have been; nor has he argued or established that any of the proposed witnesses' testimony would have been admissible. *See* United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be in the form of actual testimony by the witness or on affidavit.").

"The Constitution does not oblige counsel to present each and every witness that is suggested to him. In fact, such tactics would be considered dilatory unless the attorney and the court believe the witness will add competent, admissible, and non-cumulative testimony to the trial record." United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990). "A lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review." United States v. Williams, 106

F.3d 1362, 1367 (7th Cir. 1997). Mr. Craft hasn't alleged that he asked counsel to call John Sigler, Sam Triplett, or Sakota Triplett as witnesses at trial.

Mr. Craft hasn't met "the burden of supplying sufficiently precise information regarding the evidence that would have been obtained had his counsel undertaken the desired investigation, and of showing whether such information would have produced a different result." United States v. Farr, 297 F.3d 651, 658-659 (7th Cir. 2002). He hasn't presented any evidence to establish that his trial counsel failed to pursue a legitimate trial strategy or that the testimony of any proposed witnesses would have changed the outcome of the trial given the government's overwhelming evidence against him.

"To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice." Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). Mr. Craft hasn't established that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced in any way by counsel's performance. His question about why certain witnesses weren't called at trial is insufficient to establish deficient performance by his counsel. Mr. Craft hasn't established that his trial counsel provided ineffective assistance and his claim for relief on this ground must be denied.

## IV. CONCLUSION

Based on the foregoing, Mr. Craft's petition filed pursuant to 28 U.S.C. § 2255 [dated July 16, 2008] is SUMMARILY DENIED.

SO ORDERED.

ENTERED:   July 28, 2008

          /s/ Robert L. Miller, Jr.
          Chief Judge
          United States District Court