UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CR-11 RLM |
| | ) | |
| JEREMY CRAFT | ) | |

OPINION and ORDER

In 2008, this court denied Jeremy Craft's petition filed under 28 U.S.C. § 2255. The court of appeals denied his appeal of that decision in 2010 based on that court's conclusion that Mr. Craft hadn't made a substantial showing of the denial of a constitutional right. Mr. Craft is now before the court on his December 2015 motion, pursuant to Federal Rule of Civil Procedure 60(b)(6), for relief from the final judgment denying his § 2255 petition.

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment and request reopening of his case under a limited set of circumstances, including mistake, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b)(1)-(3). Rule 60(b)(6), the provision Mr. Craft relies on, allows a case to be reopened when the movant shows "any other reason that justifies relief." A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying relief from a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Mr. Craft claims he has presented "just such an extraordinary case."

The court must first decide whether Mr. Craft's motion warrants consideration under Rule 60(b), or if he has, in reality, filed an unauthorized

second or successive petition without the necessary permission of the court of appeals. Ramirez v. United States, 799 F.3d 845, 850 (7th Cir. 2015) (*citing* 28 U.S.C. §§ 2244, 2255(h)). Mr. Craft hasn't raised a new issue for review; instead, he contends the central issue in his § 2255 petition – the violation of his Sixth Amendment right to a speedy trial – was never addressed by this court when ruling on his initial petition. Mr. Craft's motion isn't "a disguised second or successive motion under section 2255, and thus may be evaluated on its own merit." Ramirez v. United States, 799 F.3d 845, 850 (7th Cir. 2015); *see also* Gonzalez v. Crosby, 545 U.S. 524, 538 (2005) ("A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant . . . treatment [as a successive habeas petition ], and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).").

Mr. Craft waited more than seven years to file this motion, so the court must next ask whether his asserted ground for relief properly falls within the scope of Rule 60(b)(6), which carries no fixed time limitation. Fed. R. Civ. P. 60(c)(1). "Important to this case is the principle that if the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available." Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006). "[C]ourts read the Rule 60(b) subsections to be mutually exclusive, meaning if relief is available

under a more specific subsection, [relief] is not available under subsection (6)." Mendez v. Republic Bank, 725 F.3d 651, 657 (7th Cir. 2013).

Mr. Craft says the court never reached the merits of one of his claims for relief when ruling on his § 2255 petition. Mr. Craft's claim, *i.e.,* that the court erred or made a "mistake" by failing to address a portion of his original petition, is one properly categorized under Rule 60(b)(1) rather than Rule 60(b)(6). *See* Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013) (a court may "remedy its own mistake under subsection (1)" of Rule 60(b)); Brandon v. Chicago Bd. of Educ., 143 F.3d 293, 295 (7th Cir. 1998) ("Rule 60(b)(1) applies to errors by judicial officers as well as parties."); Alexan v. Burke, 62 F. Supp. 3d 784, 788 (N.D. Ill. 2014) ("Rule 60(b)(1) encompasses mistakes by judicial officers as well as litigants."). That Mr. Craft waited seven years to file his current motion, which is based on facts known to him in 2008 when he filed his § 2255 petition and the court denied the relief he sought, makes his motion untimely under Federal Rule of Civil Procedure 60(b)(1). *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment."); *see also* Lowe v. McGraw-Hill Cos., Inc., 361 F.3d 355, 342 (7th Cir. 2004) (describing a "typical" Rule 60(b)(6) case as one where "there just is no way the party seeking to set aside the judgment could have discovered the ground for doing so within a year of its entry").

Lastly, even if the court were to view Mr. Craft's motion as properly brought under Rule 60(b)(6), he still wouldn't be entitled to the relief he seeks. Mr. Craft

3

is mistaken when he says his claim that his speedy trial rights were violated wasn't addressed on the merits in this court's ruling on his § 2255 petition. In that ruling, the court first noted that Mr. Craft hadn't carried his burden of making "*some* threshold showing . . . of an evidentiary basis" for his claim that his Sixth Amendment speedy trial rights were violated. Op. and Ord. (July 28, 2008), at 4 (emphasis in original). The court then found that while

> Mr. Craft complains in his petition that the 'prosecutor said he wanted to go on vacation,' [] the evidence relied on by Mr. Craft – the government's February 23, 2006 Motion to Change Trial Date – demonstrates that Mr. Craft's original April 3 trial date was continued at the request of AUSA Donald Schmid based on Mr. Schmid's representation that he was scheduled to begin a two-week trial on April 18 before another judge of this court. At the February 28, 2006 hearing on the government's motion, the court continued the trial based on an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(8). Nothing in the government's motion or the related docket entries submitted by Mr. Craft supports a finding that Mr. Craft's speedy trial rights were violated.

Op. and Ord. (July 28, 2008), at 5 n.1. In denying his petition, the court concluded that "[b]ecause Mr. Craft's claims have no merit, he isn't entitled to the relief he seeks." Op. and Ord. (July 28, 2008), at 5. The record shows that the claims raised by Mr. Craft in his § 2255 were addressed and rejected by this court and by the court of appeals.

Because Mr. Craft's motion for relief from final judgment is properly viewed as having been brought pursuant to Federal Rule of Civil Procedure 60(b)(1), not Federal Rule of Civil Procedure 60(b)(6), and the motion wasn't filed within the

4

one-year period governing Rule 60(b)(1), the court DENIES the motion [docket # 93] as untimely.

SO ORDERED.

ENTERED:     January 13, 2016   

	/s/ Robert L. Miller, Jr.	
	Judge, United States District Court
	Northern District of Indiana

cc:	J. Craft
	AUSA Schmid